IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Levi Brewer,

                Plaintiff,

                              Case No. 4:21-cv-241-MLB

v.

Norfolk Southern Railway
Company and James Neesmith,

                Defendants.

_____/

**OPINION & ORDER**

Plaintiff Levi Brewer sued his employer, Defendant Norfolk Southern Railway Company, for negligently injuring his back and for retaliating against him for reporting that injury to a supervisor.[1] Defendant now moves under Rule 35 to compel Plaintiff to "submit to a physical . . . examination" by a doctor of Defendant's choice (Dr. Ezequiel H. Cassinelli). (Dkt. 45); Fed. R. Civ. P. 35(a)(1). The Court held a hearing on this issue in December 2022. (Dkt. 44.) The Court grants

---

[1] Plaintiff also sued Defendant James Neesmith, but only Defendant Norfolk Southern is relevant to this Order.

Defendant's motion. The Court also permits Plaintiff to record the audio portion of the examination.

## I. A Rule 35 Examination is Warranted

Rule 35 allows a court, "for good cause," to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. 35(a). That standard is met here. Plaintiff's physical condition is "in controversy" because he is suing Defendant for injuring his back. *See Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 690 n.18 (10th Cir. 2007) ("Herrera's allegations . . . that he suffered severe emotional distress[] certainly put his mental condition 'in controversy.'"). Dr. Cassinelli is a "suitably licensed or certified examiner" because he graduated from medical school almost 25 years ago and has been a board-certified spine surgeon at Peachtree Orthopaedic Clinic for more than 15 years. (Dkt. 42-1 at 8–9); *see Higgins v. Bass*, 2021 WL 8567908, at *3 (N.D. Ga. June 7, 2021) (finding a "board-certified orthopedic surgeon" was suitably licensed or certified). Finally, as the Court explained at the December 2022 hearing, there is "good cause" for an examination because (1) this is "a negligence action" in which "plaintiff . . . asserts . . . physical injury"

2

to his back;[2] (2) Plaintiff has a history of seeking medical treatment prior to the alleged injury in this case for that part of his body;[3] (3) Defendant "has not yet been able to obtain Plaintiff's complete medical records despite its [months-long] efforts" to do so;[4] (4) Plaintiff did not fully cooperate with Defendant's efforts to obtain his medical records until after the Court scheduled a hearing on Defendant's request for a Rule 35 examination;[5] (5) "[e]ven with the availability of plaintiff's medical records, a defendant generally deserves the benefit of an examination by a physician whose judgment the defendant's counsel knows and respects";[6] and (6) "Rule 35(a) should be liberally construed in favor of granting discovery."[7]  These circumstances establish good cause for a Rule 35 examination.

## II.  Plaintiff Can Record the Examination

While opposing a Rule 35 examination, Plaintiff argues that, if the Court orders the examination, he should be permitted to make an audio

---

[2] *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).
[3] (*See* Dkts. 42 at 1; 44.)
[4] (Dkt. 45 at 2; *see also* Dkt. 44.)
[5] (*See* Dkt. 44.)
[6] *Howard v. Wal-Mart Stores E., LP*, 2021 WL 2638461, at *1 (N.D. Ga. May 13, 2021).
[7] *Id.*

recording of it. (Dkt. 46.) Defendant opposes this request. (Dkt. 49.) The Court sides with Plaintiff and concludes a recording is appropriate.[8]

Rule 35 requires a court to specify the "manner" and "conditions" of an examination. Fed. R. Civ. P. 35(a)(2)(b). This gives courts "discretion" to "permit the presence of a recording device at [the] examination." *J.H. v. Sch. Town of Munster*, 38 F. Supp. 3d 986, 989 (N.D. Ind. 2014); (*see* Dkt. 49 at 2 ("It is undisputed that the imposition of conditions on Rule 35 exams such as a recording condition is left to the Court's discretion.")). The Court exercises that discretion here. Plaintiff's "examination is likely to be an important, perhaps crucial, event in the development of the case." 8B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2236 (3d ed. Apr. 2022 Update). Plaintiff "will have to interact with, and answer questions from, a trained representative of the opposing side." *Id.* And the event "could easily be transformed into a de facto deposition." *Id.*; *see Davanzo v. Carnival Cruise Lines*, 2014 WL 1385729, at *2 (S.D. Fla. Apr. 9, 2014) ("[A] compulsory examination is more akin to a litigant attending a deposition than a medical patient

---

[8] Plaintiff also mentions *video* recording as an option but says he would be just as happy with an audio recording. (Dkt. 46 at 2.) The Court focuses on the less intrusive request.

4

seeing his doctor."). A recording will ensure "an accurate, dispute-free version" of what happened at the examination, allowing the parties and the Court to focus on the *significance* of what was said rather than *whether* something was said at all. *Id.* at *5. Depositions are recorded for exactly this reason (among other reasons). *See USA v. Shayota*, 2016 WL 6093238, at *8 (N.D. Cal. Oct. 19, 2016) ("[D]epositions must be recorded or transcribed."). And the Court sees no reason to take a different approach here.

Some courts say recordings "constitute a distraction," "inhibit the examinee from communicating candidly," "influence an adversarial atmosphere," and fail to "put both the plaintiff and defendant on an equal footing" (since plaintiff gets to be examined by his own physician without any recording). *Kropf v. Celebrity Cruises, Inc.*, 2014 WL 6682533, at *3 (S.D. Fla. Nov. 25, 2014); *Romero v. Bradford*, 2009 WL 10708259, at *4 (D.N.M. Apr. 30, 2009); *Mantel v. Carnival Corp.*, 2009 WL 3247225, at *1 (S.D. Fla. Oct. 9, 2009); *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 258 F.R.D. 523, 527 (S.D. Fla. 2009). But, at least in our case, these concerns seem overblown or misplaced. Modern audio-recording devices are small, "unobtrusive, quiet, and . . . often forgotten after the

first few minutes of a proceeding." *Underwood v. Fitzgerald*, 229 F.R.D. 548, 550 (M.D. Tenn. 2005); *see Gade v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 12964613, at *4 (D. Vt. Jan. 2, 2015) ("[T]he presence of an unobtrusive tape recording during a medical exam should not inhibit the expert's ability to question the Plaintiff."). Our case involves a work-related back injury rather than a more sensitive medical issue about which an examinee might be reluctant to speak on the record. A compulsory examination in the course of litigation—by an opponent's expert—is already "inherently adversarial." *Davanzo*, 2014 WL 1385729, at *2–3. And this adversarial dynamic distinguishes a Rule 35 examination from other examinations, making it fair to record the former but not the latter. The examiner is also a professional, paid to assist in litigation. That person ought to be able to do his or her job despite the presence of a recording device.

At bottom, the Court sees more upside than downside to allowing a recording here. So the Court grants Plaintiff's request to audio record his examination.

### III. Conclusion

The Court **GRANTS** Defendant's Motion to Compel Independent Medical Examination of the Plaintiff (Dkt. 45).

The Court **ORDERS** Plaintiff to submit to a physical examination by Dr. Ezequiel H. Cassinelli at the East Cobb Peachtree Orthopedics office located at 1163 Johnson Ferry Road, Marietta, Georgia 30068. Defendant must pay for the examination—including Plaintiff's reasonable travel expenses to and from the examination—and must promptly provide Plaintiff's counsel with copies of any resulting reports. The scope of the examination will be reasonably limited to investigating the cause, nature, and extent of Plaintiff's alleged injuries in this lawsuit and to ascertain Plaintiff's current physical condition and relevant medical history.  The examination will be a standard, non-invasive, orthopedic examination and will not involve invasive measures such as drawing Plaintiff's blood.  The parties shall promptly meet and confer—within one week of this Order—to determine a mutually agreeable date and time for the examination.

Plaintiff may audio record the examination but must do so as unobtrusively as possible (within reason) and must promptly provide

defense counsel with a copy of the recording after the examination concludes. The parties shall meet and confer to work out the logistics and specifics of any such recording.[9]

**SO ORDERED** this 3rd day of February, 2023.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[9] To the extent Plaintiff later seeks to depose Dr. Cassinelli in this case, Dr. Cassinelli must set aside enough time to complete his deposition on whatever date he and the parties select for that proceeding, provided it occurs before the close of discovery.